**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-1704
_____

ORGANIZATIONAL STRATEGIES, INC.;
INTEGRATION CASUALTY CORP.;
SYSTEMS CASUALTY CORP.; OPTIMAL CASUALTY

v.

FELDMAN LAW FIRM LLP; STEWART A. FELDMAN;
CAPSTONE ASSOCIATED SERVICES WYOMING LP;
CAPSTONE ASSOCIATED SERVICES LTD.;
CAPSTONE INSURANCE MANAGEMENT LTD.,

Appellants

_____

On Appeal from the United States District Court
for the District of Delaware
(District Court No.:  1-13-cv-00764)
District Judge:  Honorable Richard G. Andrews

_____

Submitted under Third Circuit LAR 34.1(a)
on March 16, 2015

(Opinion filed: March 20, 2015)

Before:  RENDELL, FUENTES, and BARRY, <u>Circuit Judges</u>

**RENDELL**, <u>Circuit Judge</u>:

This appeal is but another step in the protracted litigation in the courts of Delaware and Texas over the meaning and effect of an arbitration clause in an agreement between Appellants, the Capstone Parties,[1] and Appellees, the OSI Parties.[2] The Capstone Parties appeal from an order of the Delaware District Court granting their motion for clarification[3] and from an order of the Delaware District Court compelling their participation in arbitration. Concluding that the District Court's rulings were sound, we will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The Capstone Parties are Capstone Associated Services Wyoming LP, Capstone Associated Services Ltd., Capstone Insurance Management Ltd., Stewart A. Feldman, and the Feldman Law Firm LLP.

[2] The OSI Parties are Organizational Strategies Inc., Integration Casualty Corp., Systems Casualty Corp., and Optimal Casualty.

[3] The Capstone Parties appeal from an order granting their motion because the District Court clarified its previous order in a way contrary to the clarification that the Capstone Parties had urged.

## I.  **Background**[4]

The OSI Parties engaged the Feldman Law Firm, one of the Capstone Parties, to create captive insurance companies.[5]  Attached to the engagement letter were the Feldman Law Firm's billing guidelines, which contained an arbitration clause, and the Capstone Services Agreement, which provided that venue and jurisdiction shall be in Delaware for all disputes, other than intellectual property disputes.

On March 12, 2013, the Capstone Parties filed an arbitration demand against the OSI Parties in Houston alleging that the OSI Parties breached their contract.  The OSI Parties then filed a complaint in the Delaware Court of Chancery, alleging breach of contract, professional malpractice, and breach of fiduciary duties.  The OSI Parties also filed a motion for a temporary restraining order to stop the Texas arbitration.  The Capstone Parties removed the case to Delaware District Court and filed a motion to dismiss for lack of subject matter jurisdiction because the parties had a valid arbitration agreement.

On February 12, 2014, the Delaware District Court dismissed the case for lack of subject matter jurisdiction because it determined that the parties' agreement required arbitration.  Its order stated, without referencing arbitration, that the Capstone Parties'

---

[4] The parties have an extensive litigation history, and we recount only those portions necessary for this appeal.

[5] A captive insurance company provides risk-mitigation and insurance services for its parent company.

motions to dismiss for lack of subject matter jurisdiction were granted. That same day, the OSI Parties filed an arbitration demand in Delaware.

In its opinion, the District Court referenced "venue in Delaware" and stated that "disputes must be resolved by a Delaware arbitrator." (App. A-16, A-18.) The Capstone Parties filed a motion to clarify whether the opinion and order had held that arbitration must be in Delaware with a Delaware arbitrator, urging that it did not so require. On May 29, 2014, the District Court granted the motion for clarification. It noted that "venue is a procedural issue which is left to the arbitrator" and "[i]t appears that certain language that I used . . . was indeed imprecise. . . . I referred to the 'Delaware venue clause,' . . . which is a shorthand, and not particularly accurate, description of the relevant clause, as the clause to which I was referring actually states 'venue and jurisdiction shall be in Delaware.'" (App. A-8.) The District Court explained that "[i]t would have been more precise to state that the integrated agreement provided that those disputes were to be resolved by arbitration for which 'venue and jurisdiction shall be in Delaware.'" (*Id.*)

On March 13, 2014, the OSI Parties filed a motion to compel arbitration. The Capstone Parties argued that the District Court lacked jurisdiction to compel arbitration because it had closed the case when it granted the motions to dismiss. The District Court disagreed because Section 4 of the Federal Arbitration Act provides for an order to compel and "[w]hile I do not have jurisdiction to entertain the merits of the underlying dispute, I have jurisdiction to direct that the parties arbitrate." (App. A-11.) It concluded that "[w]hile I dismissed this case for lack of subject matter jurisdiction over the underlying dispute, I believe I have subject matter jurisdiction to grant the motion to

4

compel arbitration." (App. A-12.) It noted that "I have previously decided that there is a valid agreement to arbitrate, and the parties agreed that their disputes fall under this agreement." (App. A-10.) It granted the OSI Parties' motion to compel arbitration on May 29, 2014, i.e., the same day that it granted the Capstone Parties' motion for clarification. Its order stated that "Plaintiffs' Motion For a Summary Proceeding to Compel Arbitration . . . is GRANTED. The parties are directed to proceed in arbitration." (App. A-12.)

The Capstone Parties appeal the District Court's clarification order and its order compelling arbitration.

## II.   Analysis

First, the Capstone Parties argue that there is no Article III controversy because they never refused to arbitrate. This argument lacks merit since the Capstone Parties clearly did refuse to arbitrate in Delaware. Second, the Capstone Parties argue that the Delaware District Court erroneously incorporated the Capstone Services Agreement, which contains the Delaware venue clause, into their agreement. This argument is baffling because, in one of their briefs, the Capstone Parties stated, "[i]t is clear . . . that the Capstone Services Agreement and the retention agreement are integrated agreements." (App. B-319.) The District Court noted this fact, stating that the parties "*agree* that the Engagement Letter and Services Agreement are part of an integrated agreement." (App. A-15 (emphasis added).) The District Court did not err in concluding

5

that the Capstone Services Agreement was binding on the parties to the engagement letter.[6]

Third, the Capstone Parties argue that the District Court improperly ordered the mandatory arbitration venue to be in Delaware. We disagree. The District Court dismissed for lack of subject matter jurisdiction. Then the OSI Parties immediately filed an arbitration demand in Delaware and moved to compel the Capstone Parties' participation. The District Court did not order the parties to arbitrate in Delaware as such; instead, it dismissed the case for lack of subject matter jurisdiction, but, when the OSI Parties then commenced an arbitration in Delaware, the District Court properly required the Capstone Parties to participate by granting the OSI Parties' motion to compel arbitration. This was implicit in its prior grant of the motion to dismiss and the District Court did not err in making it explicit.

Fourth, the Capstone Parties argue that the OSI Parties' motion to compel arbitration was procedurally flawed because it was not filed pursuant to Rules 59(e) or 60(b) and because it was tantamount to filing a new complaint seeking arbitration without permission to amend. These arguments miss the mark. The issue is whether a district court can compel arbitration after determining that it lacks subject matter jurisdiction because a dispute must be arbitrated. The Capstone Parties have not cited any authority

---

[6] Furthermore, the District Court correctly interpreted the Capstone Services Agreement, which clearly says, "[f]or purposes of any disputes arising under Article V [intellectual property] of this Agreement, the sole venue and jurisdiction for resolution of such disputes shall be courts located in Harris County, Texas. *As to other disputes arising under this Agreement . . . , venue and jurisdiction shall be in Delaware.*" (App. B-208 (emphasis added).)

6

for the proposition that a District Court cannot compel arbitration after dismissing a suit based on an arbitration clause. Granted, the circumstances here are somewhat unusual because the Capstone Parties originally urged that the matter should be arbitrated, but then altered their position and urged that the Delaware arbitration should not occur. But this does not mean that the District Court erred.

Finally, the Capstone Parties raise several arguments that we need not discuss at length. The Capstone Parties argue that the Delaware arbitrator was not neutral because he never disclosed his financial dealings. The Capstone Parties failed to raise this issue before the District Court and, therefore, they waived it. *See Huber v. Taylor*, 469 F.3d 67, 74 (3d Cir. 2006) ("Generally, failure to raise an issue in the District Court results in its waiver on appeal."). The Capstone Parties also argue that the deadline for the Delaware arbitration had expired. The District Court refused to consider this issue because he held that the arbitrator should decide the time limit issue. We agree. Finally, the Capstone Parties argue that the OSI Parties waived their right to arbitrate by acting inconsistently with the intent to arbitrate, but this issue is being litigated in another suit, and we will not address it here. Furthermore, while the Capstone Parties cited case authority setting forth factors for determining whether a party has waived a right to arbitration, the issue in those cases was whether, in light of the parties' extensive litigation before urging that the case should be arbitrated, waiver has occurred. This was not the situation before the District Court because the litigation in this case has always been about the right to arbitration. The Capstone Parties seek a ruling that the OSI

Parties waived their right to arbitrate *in Delaware*, but they have not cited any authority for the proposition that a party can waive its right to arbitrate in a particular location.

Accordingly, we will affirm.